# New York Supreme Court.

*Special Term—April 12, 1878.*

## THE PEOPLE ᴇx ʀᴇʟ. WM. B. CROSBY *against* DAVID McADAM, Jᴜsᴛɪᴄᴇ ᴏꜰ ᴛʜᴇ Mᴀʀɪɴᴇ Cᴏᴜʀᴛ ᴏꜰ ᴛʜᴇ Cɪᴛʏ ᴏꜰ Nᴇᴡ Yᴏʀᴋ.

The supreme court will not compel the justices of the marine court to entertain jurisdiction of summary proceedings to dispossess tenants, if prior statutory duties require their time and attention.

William B. Crosby applied to Mr. Justice McADAM for a summons, under the statute, to dispossess a tenant for non-payment of rent. The justice declined to entertain the proceeding, upon the following grounds : "The justices of the marine court find themselves so crowded with the ordinary business of the court, that they decline to step aside from it and entertain summary proceedings, which they believe appropriately belong to the district courts. If, however, the landlord will make oath that the district court justice having jurisdiction in the premises, as well as the justices of the other courts having a like jurisdiction, decline to·or are disqualified from entertaining said proceedings, then the justices of the marine court will entertain the same, to prevent a possible failure of justice. Any other course would bring

People v. McAdam.

into the marine court, and take from the other courts the great bulk of these proceedings; which result would not, in my judgment, be beneficial to either of them."

Mr. Crosby then obtained an alternative mandamus, requiring the justice to entertain jurisdiction of said proceeding, or show cause why he should not. Upon the argument of the application :

*Elbridge T. Gerry,* for the relator, insisted that the justice had no discretion in the matter, and that the relator was entitled to the writ as of right (citing 3 *R. S.* 6 ed. 824 ; 2 *Id.* 512, 13, § 28 ; *McAdam on Landlord & Tenant,* 184 ; *Bliss Code,* 137, note *b* to § 315 ; Furber v. Sturney, 3 *H. & N.* 531).

*Elliott F. Shepard,* for the justice, contended that the issuing of a mandamus being discretionary, it should not be granted to disturb the mere chambers business of a judge, where, as in this case, there was no failure of justice, the relator having his remedy before numerous other judicial officers (citing *Exp.* Brown, 5 *Cow.* 32 ; 3 *Burr.* 1265 ; 12 *Barb.* 217 ; 11 *How. Pr.* 89 ; 1 *Cow.* 503 ; 1 *Den.* 617 ; 18 *Wend.* 97 ; 20 *Id.* 658).

DONOHUE, J.—In this case I think, fairly considered, the return amounts to this, that while the judges do not refuse to take the jurisdiction sought to be enforced, the justice, in this case, claims that prior statutory duties prevent his exercise of this, and that there are other means than by action of enforcing the remedy asked ; in other words, that his ordinary business is as much as he can do. Under the circumstances, I do not think the discretion of the court would be properly exercised in granting the writ. Motion denied.